UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:20-cr-00387-MHH-JHE-1 |
| V. | |
| DARRICK ANSEL DUNLAP | **ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)** |
| | (COMPASSIONATE RELEASE) |

## Memorandum Opinion and Order

Darrick Dunlap has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on health concerns related to the COVID-19 pandemic. (Doc. 28). Mr. Dunlap is serving a 75-month sentence for a gun crime. (Doc. 26, pp. 1-2). The United States opposes Mr. Dunlap's request for compassionate release. (Doc. 35).

Mr. Dunlap is incarcerated at McCreary USP in Pine Knot, Kentucky, with a projected release date of October 17, 2026. FEDERAL BUREAU OF PRISONS, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited July 23, 2022). Mr. Dunlap is 44 years old; he was 43 years old at the time of sentencing. (Doc. 25, p. 3); FEDERAL BUREAU OF PRISONS, *Inmate Locator*, https://www.bop.gov/inmateloc/

(last visited July 23, 2022).  In his motion for compassionate release dated July 29, 2021, Mr. Dunlap states that he tested positive for COVID-19.  (Doc. 28, p. 1).

Under 18 U.S.C. § 3582, as amended by the First Step Act, district courts generally cannot alter or modify a term of imprisonment, but a district court may reduce an inmate's term of imprisonment upon receipt of a motion for sentence modification from either the Bureau of Prisons or the prisoner after the prisoner exhausts his administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  When a prisoner has exhausted his administrative remedies, a district court may modify the prisoner's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if the court finds that "extraordinary and compelling reasons warrant such a reduction" and finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The relevant United States Sentencing Commission policy statement contains application notes for Section 3582(c)(1)(A), setting forth a handful of enumerated "extraordinary and compelling reasons" warranting a reduction in sentence. U.S.S.G. § 1B1.13(1)(A) & cmt. 1.  Those circumstances are:  (A) a serious medical condition affecting the defendant; (B) the defendant's age; (C) certain family circumstances; and (D) "Other Reasons."  U.S.S.G. § 1B1.13 cmt. 1.  The serious medical condition circumstance applies when an inmate is "suffering from a terminal

illness (i.e., a serious and advanced illness with an end of life trajectory)" or is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. 1(A). Application Note 1(D)'s "Other Reasons" provision is a catchall that applies to reasons other than, or in combination with, those described in Application Notes (A) through (C), "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. 1(D).

The Eleventh Circuit Court of Appeals recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 "governs all motions under Section 3582(c)(1)(A)." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Accordingly, a district court "may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. The Court of Appeals stated that district courts should apply the catchall provision, Application Note 1(D), as written, such that the BOP, not the district court, determines "which reasons outside of those explicitly delineated by the Commission are extraordinary and compelling." *Bryant*, 996 F.3d at 1264–65. As a result, district courts in the Eleventh Circuit may not identify "'other reasons'"

3

under Application Note 1(D) that may "justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248.[1]

With these principles in mind, we turn to Mr. Dunlap's motion. As noted, before a prisoner seeks relief from a district court, he first must exhaust his administrative remedies. In *United States v. Harris*, the Eleventh Circuit Court of Appeals held that the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule. 989 F.3d 908, 910-11 (11th Cir. 2021). "Claim-processing rules require that the parties take certain procedural steps at certain specified times," and the rules "may be mandatory in the sense that a court must enforce the rule if a party properly raises it. *Harris*, 989 F.3d at 911 (quoting *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019)) (internal quotation marks omitted). The United States notes that Mr. Dunlap "has not sought any administrative remedy." (Doc. 35, p. 1).

---

[1] In *Bryant*, the Eleventh Circuit acknowledged that its holding regarding the catchall provision departed from the seven other Circuit Courts of Appeals which had concluded that section 1B1.13 does not apply to prisoner-filed motions for compassionate release. *See Bryant*, 996 F.3d at 1252 (citing *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021); and *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021)). Since *Bryant*, the D.C. Circuit Court of Appeals, the First Circuit Court of Appeals, and the Third Circuit Court of Appeals have joined the other circuits in finding that the policy statement does not apply to defendant-filed motions for compassionate release. *United States v. Long*, 997 F.3d 342 (D.C. Cir. 2021); *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022); *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021).

Even if Mr. Dunlap has properly exhausted his administrative remedies, he has not shown that he satisfies one of the grounds for relief under U.S.S.G. § 1B1.13. *See* 18 U.S.C. § 3582(c)(1)(A); *Bryant*, 996 F.3d at 1262. He is not suffering from a terminal illness or a serious physical or medical condition "that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility." Mr. Dunlap alleges that when he filed his motion for compassionate release on July 29, 2021, he had tested positive for COVID-19, (Doc. 28, p. 1), but Mr. Dunlap has not produced evidence that he is still suffering from COVID-19. Moreover, he does not assert that he suffers from an underlying medical condition that would increase the risk of serious illness if he were to contract COVID-19 again.[2]

Additionally, Mr. Dunlap is not old enough to qualify for compassionate release based on his age. He has not alleged a family circumstance that warrants early release. As noted, only the BOP can identify "other reasons" for compassionate release outside the enumerated reasons listed in the policy statement, and Mr. Dunlap has not demonstrated that the BOP has provided advice about whether an earlier COVID-19 infection rises to the level of another reason for

---

[2] The Court understands that Mr. Dunlap is concerned for his welfare because he lost his grandmother to COVID-19 last year. (Doc. 28, p. 1). The age differential between Mr. Dunlap and his grandmother likely accounts for Mr. Dunlap's grandmother's vulnerability to COVID-19. In addition, treatment options for COVID-19 continue to develop. The Court expresses sympathy to Mr. Dunlap and his family for their loss.

compassionate release. *See* U.S.S.G. § 1B1.13 cmt. 1(D); *Bryant*, 996 F.3d at 1264–65.

Accordingly, the Court denies Mr. Dunlap's request for compassionate release without prejudice.

**DONE** and **ORDERED** this July 25, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE